IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY DEVINE, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 09-3039 |
| v. | : | |
| APOLLO HEALTH STREET, INC., | : | |
| Defendant. | : | |

**Jones II, J.**                                                                         April 26, 2010

**MEMORANDUM**

This matter arises out of a series of incidents that occurred during the course of Plaintiff Mary Devine's ("Ms. Devine" or "Plaintiff") employment by Defendant Apollo Health Street, Inc. ("Apollo" or "Defendant"), which allegedly resulted in the discriminatory gender-based termination of Ms. Devine. Plaintiff brings claims for wrongful termination and sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Counts I and II, respectively), the Pennsylvania Human Relations Act, 43 P.S. § 951 *et. seq.* ("PHRA") (Count III) and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD") (Count IV), as well as state law claims for breach of contract and breach of covenant of good faith and fair dealing (Counts V and VI)[1]. Presently before the Court is Defendant's Motion to Dismiss Count IV of the Complaint (Dkt. No. 2) and supporting Memorandum of Law

---

[1] While Plaintiff titles each of her claims for breach of contract and for breach of covenant as "Count Four," the Court assumes these representations to be in error and understands these claims to stand as Count V and Count VI, respectively. *See* Compl. ¶¶ 57-60. Furthermore, Plaintiff numbers her breach of contract claim as paragraphs 57-60 of the Complaint, but then numbers her breach of covenant claim as paragraphs 58-61. *See id.*

1

(Dkt. No. 3) ("Def. Mem."), Plaintiff's Opposition thereto (Dkt. No. 5) ("Pl. Opp."), and Defendant's Reply (Dkt. No. 8) ("Def. Reply"). Having carefully considered the arguments advanced by counsel, the Court will grant the Motion to Dismiss for the reasons set forth below.[2]

## I. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

---

[2]The Court notes that Plaintiff's Opposition to Defendant's Motion to Dismiss Count IV was untimely; as Defendant points out, Plaintiff's Opposition was due October 23, 2009 but was not filed until October 25, 2009. *See* Def. Reply at 2. Plaintiff has offered no justification for the late filing. However, the Court herein decided Defendant's Motion to Dismiss Count IV on the merits.

## II. MATERIAL FACTS AS ALLEGED

Ms. Devine is a female citizen of New Jersey. (Compl. ¶ 1.) Apollo is a corporation engaged in the business of providing financial and administrative services to hospitals and medical practices across the United States, and maintains places of business in both Pennsylvania and New Jersey. (Compl. ¶ 2.) Ms. Devine was employed by Apollo from June 2006 to May 2008 as its Vice-President of Operations at Defendant's facility in Conshohocken, Pennsylvania. (Compl. ¶¶ 2, 11.) In October 2007, Plaintiff began to report to William Colgan, Senior Vice-President of Provider Solutions, who in turn reported to Andrew Devoe, chief executive officer. (Compl. ¶ 19.) Colgan and Devoe were based in Defendant's Bloomfield, New Jersey office. (Compl. ¶ 20.)

Beginning in October 2007, Plaintiff was excluded from operations meetings where the attendees were exclusively male; had her customer relations responsibilities transferred to a less experienced male employee; was refused permission to fill approved staff openings necessary for proper client service; and had two new clients transferred to other employees. (Compl. ¶ 22.) Both Devoe and Colgan made repeated remarks that were chauvinistic, demeaning and insulting to female employees. (Compl. ¶ 23.) On one occasion, after Plaintiff exited the coffee room at Defendant's Pennsylvania facility, Colgan was overheard saying to Devoe, "You know women should be at home. I would never let my wife work." (Compl. ¶ 27.) Devoe agreed. (*Id.*)

In April 2008, Colgan advised Plaintiff that he needed to make a change and that Plaintiff's position would be "phased out" in May 2008. (Compl. ¶ 28.) Shortly thereafter, Plaintiff was terminated and replaced with a less experienced and less qualified male employee. (Compl. ¶ 2.)

## III. DISCUSSION

In Count IV, Plaintiff asserts a claim under the NJLAD. The NJLAD, in relevant part, prohibits private employers from discriminating against or harassing employees based upon gender. *See* N.J.S.A. 10:5-1 *et seq.* While employed by Apollo, Plaintiff lived in New Jersey but worked in Apollo's Pennsylvania office. Defendant moves to dismiss Plaintiff's NJLAD claim on the grounds that only the "law of the state of plaintiff's employment–where the employment-related activities occurred–[apply] to claims of workplace discrimination." Def. Mem. at 4. Plaintiff maintains that the NJLAD "affords a cause of action to a New Jersey resident who claims discrimination based on acts by her superiors in New Jersey, ***the effects of which were felt***, at least in part, with respect to job duties performed in New Jersey" (emphasis added). Pl. Opp. at 1.

### A. The Applicability of NJLAD

Despite Plaintiff's contentions to the contrary, courts in this Circuit "have consistently applied the law of the state of employment to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey." *Weinberg v. Interep Corp.*, Civil No. 05-5458 (JBS), 2006 WL 1096908, at *6 (D.N.J. April 26, 2006). If a plaintiff's place of employment is Pennsylvania, she cannot avail herself of the NJLAD's protections–regardless of whether she is a New Jersey resident or even works from and travels to New Jersey.

As Defendant notes in its Motion, *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654 (D.N.J. 2008) provides perhaps the most instructive explanation of the Third Circuit's position on this question. In *Peikin*, the defendant maintained offices in both New Jersey and Pennsylvania during the relevant time period. The plaintiff in that case was a Pennsylvania

resident hired as an associate attorney at the defendant's Ambler, Pennsylvania office, where she worked until she was terminated. The plaintiff alleged that while she was based out of Pennsylvania, approximately 90% of her work took place in New Jersey, concerned New Jersey-based clients and cases, and required her to work four out of five days per week in New Jersey.

The *Peikin* court explicitly asked if "New Jersey's antidiscrimination laws protect a Pennsylvania resident employed by a Pennsylvania professional corporation from discriminatory acts allegedly undertaken in Pennsylvania, if, over the course of her employment, the employee conducted business in New Jersey." *Id.* at 657. The question, according to the District of New Jersey, "must be answered in the negative." *Id.* The court went on to find the plaintiff was based out of Pennsylvania, "notwithstanding the fact that she worked on cases for New Jersey clients and frequently traveled to New Jersey." *Id.* at 658. All discriminatory acts alleged took place in the Pennsylvania office. After she was terminated, Plaintiff filed a charge with the Pennsylvania Human Relations Commission ("PHRC") and received unemployment benefits from the Pennsylvania Department of Labor. As such, the court found that the undisputed record evidence demonstrated that Plaintiff's "state of employment" was Pennsylvania. *Id.*

Plaintiff here argues that *Peikin* remains inapposite because, "although she performed legal services in New Jersey at times, Peikin did not allege that any of the discriminatory acts were made in New Jersey or had effect in New Jersey." Here Plaintiff presumably expects the Court to find that in this case, Plaintiff *did* allege that the discriminatory acts at issue "were made in New Jersey or had effect in New Jersey."[3] While the question remains as to whether acts

---

[3]To the extent Plaintiff suggests that her stature as a New Jersey resident alone permits her to invoke the NJLAD's protections, the Court must disagree. *See Brunner v. AlliedSignal, Inc.*, 198 F.R.D. 612, 613-14 (D.N.J. 2001) (ruling on a motion to dismiss that the NJLAD does

5

*occurring* in a given state are distinguishable from acts *having effect* in that state, it is of no matter here–Plaintiff fails to plead any such allegations.

Other than stating that Devoe and Colgan were based in Apollo's New Jersey office, Plaintiff makes not one allegation in her Complaint regarding New Jersey in any capacity–certainly nothing approaching 90% of her work being based in New Jersey, which nonetheless remained inadequate for purposes of applying the NJLAD in *Peikin*. In support of her argument that "the impact of [the alleged] discriminatory actions affected plaintiff's performance of her duties in New Jersey" (Pl. Opp. at 3), Plaintiff cites to paragraphs 16 and 17 of her Complaint. However, these two paragraphs make no reference to New Jersey and provide no grounds to infer that the facts they allege implicate New Jersey in any manner:

> 16. On August 24, 2007 as part of the acquisition of Zavata, plaintiff and defendant entered into a written contract of employment providing that plaintiff would be employed as Vice-President (Operations-East Region) at a salary of $185,000 plus bonuses and incentives.
>
> 17. As Vice-President [of] Operations Plaintiff was responsible for supervising a staff of approximately 120 engaged in customer relations and account management for numerous customers.

Compl. ¶¶ 16-17.

This is not even close to enough. Though a New Jersey resident, Plaintiff was employed by Apollo in Pennsylvania. Plaintiff accepted employment in Pennsylvania and worked out of and maintained her office in Pennsylvania. Indeed, as in *Peikin*, Plaintiff even filed her charge of discrimination with PHRC and the EEOC in Philadelphia. *See* Compl. ¶ 6. Plaintiff provides the

---

not apply to claims brought by a New Jersey resident against a New Jersey company when claimant was employed in Pennsylvania); *Buccilli v. Timby, Brown & Timby*, 660 A.2d 1261, 1263 (App. Div. 1995) (New Jersey resident, employed in Pennsylvania, could not assert a claim under the NJLAD against a law firm even though it had offices in New Jersey).

Court with no other allegations even suggesting New Jersey's involvement with this matter.

Finally, the Court notes again that Plaintiff proceeds on a separate count under the PHRA. See Compl. ¶¶ 53-54. Along with a number of out-of-Circuit cases, Plaintiff cites one case from this District in support of her argument that a New Jersey resident plaintiff based in Pennsylvania may sue under both the PHRA and the NJLAD where the plaintiff performed services in New Jersey and "felt the effects of discrimination" in New Jersey. Pl. Opp. at 5. However, in *Brennan v. Nat'l Tel. Dir. Corp.*, 850 F. Supp. 331 (E.D. Pa. 1994), the court permitted the plaintiff's claims under both the NJLAD and the PHRA to survive a motion to dismiss *only* because at the outset of the litigation, there was "confusion over who was actually plaintiff's employer" and whether said employer was a New Jersey or Pennsylvania corporation. *Id.* at 334. While Ms. Devine omits this detail in her briefing, the *Brennan* court actually stated explicitly that "plaintiff cannot recover for the same claims under both Pennsylvania and New Jersey law." The court determined that no prejudice would result at that early stage and allowed both claims to proceed until facts were further developed.

Here no such confusion exists. Plaintiff provides no support for the proposition that New Jersey would have a greater interest in the outcome of the litigation than Pennsylvania, and Plaintiff's Complaint fails to include sufficient allegations to support a reasonable inference that Defendant is liable for the alleged NJLAD violation. *See Iqbal*, 129 S. Ct. at 1949. As such, Count IV must be dismissed.

## IV. Conclusion

For the foregoing reasons, the NJLAD is inapplicable to Plaintiff's claims. The Motion to Dismiss Count IV of the Complaint will be granted. An appropriate Order follows.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARY DEVINE, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | NO. 09-3039 |
| v. | : | |
| APOLLO HEALTH STREET, INC., | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 26th day of April, 2010, it is hereby ORDERED that Defendant's Motion to Dismiss Count IV of the Complaint (Docket No. 2) is GRANTED and the Count IV is DISMISSED.

BY THE COURT:

/s/ C. Darnell Jones II
C. DARNELL JONES II          J.